UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02073-DOC-JDE                               Date: October 30, 2024

Title: Karla Torres v. Slalom, Inc. et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Rolls Royce Paschal for Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 13) brought by Plaintiff Karla Torres. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Superior Court of California, County of Orange.

I.   **Background**

   A.   **Facts**

This case arises from Plaintiff's past employment with Defendants Slalom, Inc. and Pritha Sridharan, the Orange County General Manager of Slalom. *See generally* Complaint ("Compl."). (Dkt. 1-5). Plaintiff raises claims of disparate treatment under Cal. Gov. Code § 12940, disparate impact under Cal. Gov. Code § 12940, retaliation, failure to investigate or prevent discrimination or retaliation, hostile work environment, wrongful termination under a theory of constructive discharge in violation of public policy, unfair business practices under Cal. Bus. & Prof. Code § 17200, et seq., failure to provide equal pay based upon sex under Cal. Labor Code § 1197.5, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See generally* Compl.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01141-DOC-DFM | Date: October 30, 2024 |

Page 2

**B.     Procedural History**

Plaintiff, who lives in Texas, filed her Complaint against Defendants in Orange County Superior Court on August 19, 2024. Notice of Removal (Dkt. 1), at 2-3. Defendant Slalom was served on August 27, 2024. Mot. at 3. On September 23, 2024, Defendant Sridharan was served through substituted service on her husband at their home. *Id*.

On September 24, 2024, Defendant Slalom, a corporation headquartered in Washington and incorporated in Delaware, removed the case to federal court on the basis of diversity jurisdiction. *Id*. at 2-4. Slalom contends that it filed for removal before Defendant Sridharan, a citizen of California, was served. *Id*. at 2. Plaintiff filed the present motion on October 7, 2024, seeking remand to the Orange County Superior Court. *See generally* Mot. Defendants filed their Opposition to the Motion on October 11, 2024. Opposition ("Opp'n") (Dkt. 27). On October 21, 2024, Plaintiff subsequently filed the Reply (Dkt. 30).

**II.     Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Ninth Circuit precedent has long recognized the strong presumption against removal and that statutory removal procedures are to be strictly construed against removal. *See Prize Frize, Inc., v. Matris (U.S.), Inc.*, 167 F.3d1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (holding that the party seeking removal bears the burden of establishing federal jurisdiction); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (finding a presumption that federal courts "are without jurisdiction unless the contrary affirmatively appears").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:24-cv-01141-DOC-DFM | Date: October 30, 2024 |

Page 3

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

### III. Discussion

#### A. Diversity Jurisdiction

The Parties do not dispute that the Court has diversity jurisdiction based on complete diversity of citizenship between the Parties and meeting the amount in controversy requirement. 28 U.S.C. § 1332(a). Defendant Slalom is a citizen of Washington and Delaware. Defendant Sridharan is a citizen of California. Plaintiff is a citizen of Texas. Notice of Removal at 3-4. Based on Plaintiff's alleged lost wages, the amount in controversy is met. Notice of Removal at 5. Therefore, this Court has diversity jurisdiction.

#### B. Forum Defendant Rule

The forum defendant rule provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The rule is procedural not jurisdictional and "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts.*, Inc., 456 F.3d 933, 939 (9th Cir. 2006).

Defendants argue that so long as removal is achieved before the in-forum defendant is served, the forum defendant rule does not apply. This position has been dubbed "snap removal." *Cadena v. Polaris Indus. Inc.*, No. 3:23-cv-00443-YY, 2023 U.S. Dist. LEXIS 165026, 2023 WL 6004228, at *2 (D. Or. Aug. 15, 2023). The three categories of snap removal cases are: 1) when an out-of-forum defendant attempts to remove to federal court before *any* defendant is served; 2) when an in-forum defendant attempts to remove before they themselves or another in-forum defendant are served; and 3) when an out-of-forum defendant attempts to remove before the in-forum

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01141-DOC-DFM                                         Date: October 30, 2024

Page 4

defendant is served. *See Cadena v. Polaris Indus. Inc.* at *3. This case falls into the third category.

      The Ninth Circuit has not ruled directly on the issue of snap removal argued by the Defendants here. Recently, though, the Ninth Circuit held that removal before a case has been officially filed in a California superior court, called "super snap removal," is not permitted. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) ("While the final chapter on snap removals in the Ninth circuit remains to be written, today we close the book on California defendants' attempts at ever-snappier snap removals.")

      In the absence of circuit authority on snap removal, lower courts have generally: 1) denied remand after an analysis of the statute's plain language; 2) granted remand after finding that a literal interpretation of the statute would lead to an absurd result; 3) granted remand as long as one defendant had been served; or 4) granted remand after an analysis of the statute's plain language and legislative history. *See Talbot v. Tokarski*, No. CV-14-117-BLG-SPW-CSO, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (D. Mont. Oct. 24, 2014); *McAboy v. Intel Corp.*, No. 3:21-cv-01773-IM, 2022 U.S. Dist. LEXIS 8704, 2022 WL 1519081, at *3-6 (D. Or. May 13, 2022); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 318-22 (D. Mass. 2013).

      Here, the Parties do not dispute that Defendant Sridharan is a citizen of California and thus would trigger the forum defendant removal bar if served by the time of removal. The Parties, however, dispute whether Defendant Sridharan was "properly joined and served" within the meaning of the statute before removal was effectuated. 28 U.S.C. § 1441(b)(2).

      Plaintiff asserts that Sridharan was served the summons and complaint through substituted service on her husband at their home the day before removal as permitted by California Code of Civil Procedure § 415.20(b). Motion at 6-7. After six attempts to serve Sridharan personally at her home, Plaintiff served Joseph Shih, Sridharan's husband, at their residence on September 23, 2024. *Id.* The complaint and summons were also mailed to Sridharan on September 23, 2024 as required by California Code of Civil Procedure § 415.20(b). Proof of Service by Mail, Motion, Exhibit B. Thus, Plaintiff argues removal is barred by the forum defendant rule.

      Defendants argue that service of Sridharan was not complete before removal because the relevant statute states, "Service of a summons in this manner is deemed complete on the 10th day after the mailing." Cal. Code Civ. Proc. § 415.20(b).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01141-DOC-DFM                                              Date: October 30, 2024

                                                                                                         Page 5

Opposition at 5. Defendants contend that service was not complete until October 3, 2024—ten days after the mailing of the complaint and summons on September 23, 2024. Opposition at 6. Therefore, they argue that, under a literal reading of the forum defendant rule, Sridharan was not "properly joined and served" at the time of removal so removal was proper. *Id*. Defendants urge the Court to follow the reasoning in *Cucci v. Edwards*, 510 F. Supp. 2d 479, 483 (C.D. Cal. 2007), in which the Court, under nearly identical facts and the same California service statute, found that removal was proper.

   Plaintiff does not dispute that service under the statute was not complete but responds to Defendants' arguments by urging the Court to adhere to the purpose of the forum defendant rule rather than its plain language. Plaintiff argues that allowing removal on the facts here promotes gamesmanship contrary to the aim of the statute and frustrates plaintiffs' choice of forum. Plaintiff's Reply at 2-3. Plaintiff cites to cases in which this Court and others have departed from the plain language of Section 1441 and found removal to be improper before *any* defendants were served. Plaintiff asks this Court to extend that reasoning to this case in which removal occurred before service on the in-forum defendant was technically complete. Plaintiff specifically argues that the facts here show Defendants were likely strategizing to effect removal before service of Sridharan. Plaintiff further argues that Defendants intentionally prevented service of Sridharan sooner to avoid state court. Plaintiff's Reply at 5.

   Courts are split on whether the forum defendant rule applies when a forum defendant was not served before the filing of removal but was subsequently served. For example, some courts have found that the language of the statute is intended to prevent fraudulent joinder for the purpose of destroying diversity. *See Khashan v. Ghasemi*, No. 10-cv-00543-MMM, 2010 WL 14444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."). And as Judge Pfaelzer noted, allowing the "snap removal" advocated for "would eviscerate the purpose of the forum defendant rule" by allowing "removability to turn on the timing of service rather than the diversity of the parties." *Mass. Mut. Life Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012); *see also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 2021 WL 1254352, at *6 (D. Nev. Apr. 2, 2021) ("snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against removal, public policy considerations surrounding plaintiff's choice

Case 8:24-cv-02073-DOC-JDE  Document 33  Filed 10/30/24  Page 6 of 7  Page ID #:333

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01141-DOC-DFM                                   Date: October 30, 2024

Page 6

of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2).").

      Courts have engaged in extensive historical analyses of Section 1441(b)(2) in order to unearth Congress's intent behind enacting the statute. As other courts have found, the original purpose of diversity jurisdiction was "based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (citing *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48 (1954) (Frankfurter, J., concurring)); *see also Gentile*, 934 F. Supp. 2d at 319-20 (citing the Federalist Papers' description of the roots of diversity jurisdiction, and tracing the origins of the Section 1441(b) "properly joined and served" limitation to an overarching Supreme Court desire at the time of the revision to prevent plaintiffs from defeating removal by fraudulently joining a forum defendant). An interpretation of the forum defendant rule that would allow a forum defendant to remove an action to federal court would clash with the policy behind the statute. The risk of a defendant suffering local bias does not apply when the defendant seeking removal is a citizen of the forum state. As the Ninth Circuit has stated, "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts.*, 456 F.3d 933, 939 (9th Cir. 2006).

      Because courts are split on this issue and the Ninth Circuit has not addressed it yet, the Court looks to the purpose of the forum defendant rule and the facts and timing here. "[A]pplying the forum defendant rule requires a fact intensive inquiry that accounts for the characteristics of the parties and the timing of events… a court should review the facts with an eye toward promoting the purpose of the forum defendant rule and protecting the integrity of removal jurisdiction." *Llanos v. Delta Air Lines, Inc.*, No. 19-CV-10757, 2020 WL 635477, at *3 (C.D. Cal. Feb. 11, 2020).

      The facts, timing, and characteristics of the parties here favor remand. While service was not technically complete under Cal. Code Civ. Proc. § 415.20(b) before removal, substituted service on Sridharan was initiated the day before removal. Plaintiff had attempted to serve Sridharan at her home six times before beginning on September 9, 2024. Motion at 6. Moreover, Plaintiff's counsel contacted Slalom's counsel on September 17, 2024 and asked, "Have you also been appointed for Defendant Pritha Sridharan? If so, please contact Ms. Sridharan and ask if you have permission to accept

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01141-DOC-DFM                                          Date: October 30, 2024

Page 7

service on her behalf." Motion at 3. Notably, Sridharan is an employee of Slalom and defense counsel for Slalom also represents Sridharan now.

While this Court will not assume the intent of the Defendants or whether they collaborated, allowing removal under these circumstances would promote gamesmanship in which defense counsel is incentivized to thwart rather than facilitate service and remove quickly. Plaintiff diligently attempted service on Sridharan, contacted defense counsel for Sridharan's employer who now represents Sridharan, and initiated substituted service the day before removal. Defense counsel for Slalom was aware that Sridharan was a named defendant on the state court complaint and likely knew that she was in-forum as the Orange County Manager for Slalom.

Moreover, permitting the snap removal here would allow removal to turn on timing rather than the purpose behind the forum defendant rule and diversity jurisdiction. Here, Defendant Sridharan does not appear to be a sham defendant and Defendants do not argue she is. Additionally, Defendant Sridharan, as a resident of Orange County, California, is not likely to be prejudiced in state court. Plaintiff, as a resident of Texas, will benefit no more from litigating in California state court than Slalom, a citizen of Washington and Delaware. Therefore, the facts here do not show that removal is necessary to protect the objectives of the forum defendant rule and diversity jurisdiction. Rather, removal here would undermine the forum defendant rule's purpose, reward gamesmanship, encourage evasion of service, and disrupt plaintiff's choice of forum.

## IV. Disposition

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Orange County Superior Court. All upcoming court dates are **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                          Initials of Deputy Clerk: kdu

CIVIL-GEN